IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION

NO. 2:24-CV-2-FL

| | |
|---|---|
| BLAGOMIR P. SHKODROV, Individually and as Personal Representative of Stoyanka Dimitrova Shkodrova, Deceased; and PETRA D. FIST, as Personal Representative of Stoyanka Dimitrova Shkodrova, Deceased<br><br>     Plaintiffs,<br><br>  v.<br><br>SUMMER CARMICHAEL, R.N.; LINDA SMITH, R.N.; JEFF PETER VISTA, M.D.; AARON HEIDE, M.D.; JAMES HEATON, M.D.; JENNIFER ALLEN, R.N.; SUSANJ PATEL, M.D.; EASTERN RADIOLOGISTS, INC.; SIMONE PATALINGHUG MONTOYA, M.D.; OUTER BANKS HEALTH, INC.; ECU HEALTH/EAST CARE, INC.; UNIVERSITY HEALTH SYSTEMS OF EASTERN CAROLINA, INC.; and CHESAPEAKE HOSPITAL AUTHORITY, INC.;<br><br>     Defendants. | ORDER |

  This matter is before the court upon defendants' motions to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) (DE 63, 66, 69, 71), plaintiffs' motions to amend and to file electronically (DE 75, 79, 87, 98),[1] and plaintiffs' responses to the court's orders

---

[1] Plaintiffs filed a notice of withdrawal of the first two motions to amend, the significance of which will be discussed further herein.

regarding pro se representation. The issues raised have been briefed fully and in this posture the motions are ripe for ruling.

## STATEMENT OF THE CASE

Plaintiffs commenced this wrongful death, medical malpractice, and tort action, January 24, 2024, asserting claims pro se against medical providers and their employers arising out of medical treatment of plaintiffs' mother, Stoyanka Dimitrova Shkodrova, deceased ("decedent"). Plaintiffs assert jurisdiction based upon diversity jurisdiction, and they advance the following claims as personal representatives of decedent or individually:[2] 1) "wrongful death and survival"; 2) "medical malpractice and gross negligence"; 3) "reckless and wanton conduct"; 4) "civil obstruction of justice, fraud and conspiracy"; 5) "HIPAA and EMTALA violations"; and 6) "intentional infliction of emotional distress." (DE 1 at 14, 36, 43, 44, 48, 49). Plaintiffs seek damages, fees, and interest.

Defendants filed the instant motions to dismiss for failure to state a claim in April and May 2024, asserting overlapping arguments in support of dismissal of all of plaintiffs' claims, including the inability of pro se plaintiffs to represent the estate of decedent, statute of limitations for the wrongful death claim and related claims, lack of private right of action for statutory claims, and failure to allege sufficient facts supporting the tort claims.

Plaintiffs responded in opposition to the motions to dismiss and they filed, on May 20, 2024, a document captioned "motion to amend complaint Fed. R. Civ. P. 15(a)(1)(B)," which the clerk of court docketed as a motion to amend the complaint accompanied by a proposed amended complaint. (DE 75 at 1). The next day, plaintiffs filed a similar document captioned "motion to amend complaint," bearing a signature date May 18, 2020, docketed similarly. (DE 79 at 1).

---

[2] Plaintiff Blagomir P. Skodrov brings claims "individually and as personal representative" of decedent; whereas plaintiff Petra D. Fist brings claims only "as personal representative" of decedent. (DE 1 at 1).

Defendants then replied in support of their motions and filed responses in opposition to plaintiffs' first two motions to amend. Shortly thereafter, June 17, 2024, plaintiffs filed two notices of "withdrawal" of their motions to amend, noting that they had a right to amend as a matter of course and requesting that the clerk file their proposed amended complaint (originally filed as part of Docket Entry (DE) 75) "as a separate ECF document dated nunc pro tunc May 20, 2024." (DE 85). Thereafter, June 24, 2024, plaintiffs filed the instant third motion to amend reiterating their request for the clerk to file their proposed amended complaint. Several defendants responded in opposition to plaintiffs' latest motion to amend.

On July 17, 2024, the court held in abeyance determination of the instant motions to dismiss and plaintiffs' latest motion to amend "pending threshold determination by the court of plaintiffs' ability to proceed pro se on behalf of the estate of [decedent]." (Order, July 17, 2024 (DE 92) at 8). The court directed plaintiffs to file evidence identifying all administrators, executors, and beneficiaries of the estate of decedent and identifying all creditors of the estate, if any. Plaintiffs responded, relying upon their own affidavits and "letters of wrongful death" filed in Dare County Superior Court. (DE 93-1). Defendants Chesapeake Hospital Authority, Inc., and Aaron Heide responded to plaintiffs' filing. Thereafter, the court directed plaintiffs to supplement their affidavits to provide information about all creditors of the estate. Plaintiffs then responded October 1, 2024, relying upon supplemental affidavits. That same day, plaintiffs filed the instant motion for leave to file documents electronically.

**COURT'S DISCUSSION**

A.   Pro Se Representation

As set forth in the court's July 17, 2024, order, generally, "a person may not represent another person or entity pro se." (DE 92 at 1-2 (quoting Wojcicki v. SCANA/SCE&G, 947 F.3d

240, 246 (4th Cir. 2020)). Accordingly, "an executor may not represent an estate pro se where there are additional beneficiaries, other than the executor, and/or where the estate has outstanding creditors." (Id. at 2 (quoting Iriele v.Griffin, 65 F.4th 1280, 1284–85 (11th Cir. 2023)).

Here, plaintiffs have declared they are "the sole beneficiaries of" the estate of decedent, and that they have "received bills from the . . . medical providers involved." (E.g., Aff. Of Blagomir P. Shkodrov (DE 97-1)). This raises a legal question, not addressed previously by the United States Court of Appeals for the Fourth Circuit, whether the presence of a creditor of this type bars plaintiffs' pro se representation of decedent's estate. (See, e.g., July 17, 2024, Order (DE 92) at 7 n. 5 (citing example of district court decision allowing case to proceed on "frivolity review" where "the estate has no known creditors other than WakeMed, where the decedent died")).

Upon consideration of the record and the applicable law, final determination at this juncture of plaintiffs' ability to proceed with pro se representation is premature because this determination depends in part upon the nature of plaintiffs' claims and the framing of the pleadings regarding those claims. See, e.g., Evans v. Diaz, 333 N.C. 774, 776 (1993) ("In an action brought under the Wrongful Death Act the real party in interest is not the estate but the beneficiary of the recovery as defined in the Act.") (emphasis added). Moreover, the court leaves for determination, upon a more complete record, if necessary, the nature and scope of creditors' claims against the estate, where plaintiffs suggest that defendants themselves, at least in part, may be the sole creditors. Therefore, the court lifts the stay imposed July 17, 2024, and proceeds to address the pending motions.

B.     Motions to Amend

Federal Rule of Civil Procedure 15(a)(1)(B) permits a party to "amend its pleading once as a matter of course within . . . 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1)(B). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).

"A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007). Such construction does not excuse a pro se litigant from meeting substantive pleading requirements. See Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008). However, "[i]n practice, this liberal construction allows courts to recognize claims despite various formal deficiencies, such as incorrect labels or lack of cited legal authority." Wall v. Rasnick, 42 F.4th 214, 218 (4th Cir. 2022).

Here, plaintiffs' filing made May 20, 2024, incorrectly was labeled, in part, a "motion to amend complaint," (DE 75 at 1), where it included a proposed amended complaint (albeit with formal deficiencies addressed further below), and the filing was made within 21 days of service of "a motion under Rule 12(b)." Fed. R. Civ. P. 15(a)(1)(B). Accordingly, the filing properly must be construed as itself constituting a first amended complaint.

Defendants who oppose plaintiffs' motions to amend argue that the motions should be denied because they are futile and because plaintiffs' later motions to amend fall outside of the time period of Rule 15(a)(1)(B). However, where leave of court is not required to file an amended complaint under Rule 15(a)(1)(B), futility is not a basis for setting aside such amended complaint. Likewise, plaintiffs later attempts to file further identical amended complaints, or plaintiffs'

attempts to "withdraw" the first filed motions do not transform the substance of the filing made May 20, 2024. (DE 75). Indeed, plaintiffs repeatedly insisted that they wished to file their first amended complaint as a matter of right, and correctly identified the applicable rule in their initial filing made May 20, 2024. Accordingly, the court will treat plaintiffs' filing made May 20, 2024, as plaintiffs' first amended complaint, and plaintiffs' motions to amend (DE 75, 79, 87) are terminated as moot.

Said first amended complaint, however, has formal deficiencies that must be corrected, before it can serve as a basis for a required response by defendants. Plaintiffs' proposed amended complaint contains purported redlined additions and deletions to the original complaint, with reference to some of the original complaint's paragraphs. (See, e.g., DE 75-1 at 2).

Rule 8 requires a "short and plain statement of the claim showing that the pleader is entitled to relief," and Rule 10 requires a party to "state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 8, 10. "A later pleading may refer by number to a paragraph in an earlier pleading." Fed. R. Civ. P. 10(b). Here, the instant first amended complaint is formally deficient because, while it purports to refer by number to some paragraphs of the original complaint, it is unclear if it seeks to incorporate all other paragraphs of the original complaint. (See DE 75-1 at 2-25).

To ensure the first amended complaint is in a form that allows for meaningful response, pursuant to Rule 12, the court directs plaintiffs to file, on or before November 12, 2024, a corrected first amended complaint that includes all the numbered allegations they seek to assert. Under the circumstances of this case, to avoid confusion, the court imposes a stricter requirement for the instant corrected first amended complaint than is set forth in Rule 10(b). In particular, plaintiffs shall not to merely reference prior allegations in the original complaint by paragraph number, but

rather must set forth all of the allegations they seek to assert in a single document. Plaintiffs also must include a complete caption, including the document title "corrected first amended complaint," in accordance with Rule 10(a). Plaintiffs' corrected first amended complaint shall not be preceded by a cover letter. The court and the parties will not refer to the original pleading or any other documents as a source of allegations in the corrected first amended complaint.

C.  Motions to Dismiss

"[A]n amended pleading ordinarily supersedes the original and renders it of no legal effect." Young v. City of Mount Ranier, 238 F.3d 567, 573 (4th Cir. 2001) (quotations omitted); see also 6 Charles Alan Wright, et al., Fed. Prac. & Proc. § 1476 (3d ed. 1998) ("A pleading that has been amended under Rule 15(a) supersedes the pleading it modifies and remains in effect throughout the action unless it subsequently is modified. . . . Once an amended pleading is interposed, the original pleading no longer performs any function in the case").

Where plaintiffs filed their first amended complaint as of right May 20, 2024, as construed herein, after defendants filed their instant motions to dismiss, said motions, (DE 63, 66, 69, 71), are TERMINATED as MOOT. Defendants shall have 14 days from the date plaintiffs' corrected first amended complaint is filed to file a Rule 12(b) motion or responsive pleading.

D.  Motion to File Electronically

"Only an attorney who is registered in CM/ECF may file documents electronically." Local Civil Rule 5.1(b)(1). Accordingly, since plaintiffs have not demonstrated they meet these requirements to file electronically, plaintiffs' motion for leave so to do is denied.

**CONCLUSION**

Based on the foregoing, the court LIFTS the stay set in place by the court's July 17, 2024, order (DE 92). The court CONSTRUES plaintiffs' May 20, 2024, filing (DE 75) as a first amended

complaint. The clerk is DIRECTED to correct the description of this filing on the face of the docket to so reflect. In addition, in light of the formal deficiencies set forth herein, plaintiffs are DIRECTED to file, on or before November 12, 2024, a corrected first amended complaint in accordance with the instructions set forth herein. Accordingly, plaintiffs' motions to amend (DE 75, 79, 87), as well as defendants' motions to dismiss, (DE 63, 66, 69, 71), are TERMINATED AS MOOT. Defendants shall have 14 days from the date plaintiffs' corrected first amended complaint is filed to file a Rule 12(b) motion or responsive pleading. Finally, plaintiffs' motion for leave to file documents electronically is DENIED.

SO ORDERED, this the 24th day of October, 2024.

_____
LOUISE W. FLANAGAN
United States District Judge